IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>ANTHONY JAMES SCHLOTFELD,<br><br>                      Defendant. | 8:21CR266<br><br>OBJECTION AND RESPONSE TO PRESENTENCE INVESTIGATION REPORT |

      COMES NOW the Plaintiff, United States of America, and pursuant the Sentencing Procedures under the Sentencing Reform Act of 1984, hereby states it objections the Revised Presentence Investigation Report (RPSR), completed in connection with this case.

      Factually, the RPSR is accurate. However, the United States does disagree with the total amount of converted drug weight as applied in the RPSR. In Paragraph 31, it is noted that on March 18, 2021, two separate baggies of methamphetamine were seized from the Defendant. Both appear to have been located in the bathroom. Purity testing was done on the baggie found in the bathroom, and the purity was used for both baggies. Under these circumstances, I believe the application of <u>United States v Long</u>, 532 F.3d 791 (8th Cir. 2008) would be inappropriate. The only known commonality of the methamphetamine is that they were possessed by Defendant. However, treating the two baggies the same is based on a number of assumptions. The most obvious assumption is that the

1

baggies both came from the same source. Even if they were from the same source, it is assumed they were obtained on the same date and from the same batch. There are additional assumptions that can be made, but because we are dealing with two baggies, under these circumstances I think the benefit of the doubt should go with Defendant.

The additional objection relates to Paragraph 35 and how it relates to the total amount of converted drug weight that should be applied in this case. Overall, even assuming the objection to Paragraph 31 is overruled, the total amount of methamphetamine attributed in this case is 3268 kilograms of converted drug weight. The vast majority of that attributable weight comes from the statement of Defendant. Defendant had just picked up the methamphetamine in question from his co-defendant. After he left co-defendant's residence, a traffic stop was attempted and during the ensuing chase by police, he threw the methamphetamine out his car window. Defendant later told police that he threw "approximately" four pounds of methamphetamine out of his window. Based on this statement, a total of four pounds were included in the RPSR. However, because the total amount of attributable weight is at the low end of the 3,000 to 10,000 kilograms, to give the benefit of the doubt to Defendant based on his statement, the United States suggests that the appropriate attributable amount be in the range of 1,000 to 3,000 kilograms. This would be consistent with the amount included within the plea agreement.

In conclusion, the United States respectfully asks the Court to follow the recommendations as set forth in the plea agreement. Because the parties agree to the attributable amount and the facts themselves are not in dispute, the United States does not anticipate calling live witnesses at sentencing for this issue. Furthermore, the time set aside by the Court for sentencing should be sufficient.

        UNITED STATES OF AMERICA,
        Plaintiff

        STEVEN A. RUSSELL
        Acting United States Attorney


By:    s/ Martin J. Conboy IV
        Martin J. Conboy IV (#22257)
        Assistant United States Attorney
        1620 Dodge Street, Suite 1400
        Omaha, Nebraska 68102-1506
        (402) 661-3700

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on December 1, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: attorney of record.

        s/ Martin J. Conboy IV
        Martin J. Conboy IV
        Assistant U.S. Attorney